UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| ANETIA BEAIR, | ) |
| Plaintiff | ) Case No. |
| v. | ) |
| | ) *Electronically filed* |
| SUMMIT POLYMERS, | ) |
| Defendant | ) |
| Serve Registered Agent: | ) |
|    William Dean | ) |
|    160 Clarence Drive | ) |
|    Mt. Sterling, KY 40353 | ) |

**COMPLAINT**

Plaintiff Anetia Beair, by counsel, for her complaint, states as follows:

**JURISDICTION & VENUE**

1. Plaintiff Anetia Beair is a resident of Mt. Sterling, Montgomery County, Kentucky.

2. Defendant Summit Polymers, Inc. is a foreign, for-profit corporation with its principal office in Portage, Michigan. Summit Polymers operates a production facility in Mt. Sterling, Montgomery County, Kentucky.

3. The actions complained of herein and decisions regarding Beair's employment with Summit Polymers occurred in Mt. Sterling, Montgomery County, Kentucky.

4. This Court has jurisdiction over this action pursuant to the provisions of Americans with Disabilities Act, as amended, specifically 42 U.S.C. §12117 and 42 U.S.C. §2000e-5(f).

5. Venue is proper in the Eastern District of Kentucky under 28 U.S.C. §1391(b) because the Defendant's unlawful practices were committed in this district.

6. Beair filed a charge of discrimination with the Equal Employment Opportunity Commission alleging violation of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

7. The Equal Employment Opportunity Commission issued a Notice of Rights on September 26, 2011 finding probable cause to believe Summit Polymers violated the Americans with Disabilities Act. Plaintiff received the Notice of Rights shortly after it was issued and files this action within 90 days of the date of issuance.

## PARTIES

8. At all times relevant to this Complaint, Beair was an employee of Defendant Summit Polymers as that term is defined by 42 U.S.C. §12111(4).

9. Defendant Summit Polymers is an employer as that term is defined by 42 U.S.C. §12111(5).

## FACTS

10. Beair was hired as a production worker at Summit Polymers on or about March 24, 1999.

11. Beair has suffered from depression and anxiety since 1987.

12. Beair's depression and anxiety render her an individual with a disability as that term is defined by the Americans with Disabilities Act, 42 U.S.C. §12102(1).

13. Summit Polymers was aware of Beair's condition by virtue of the Family and Medical Leave Act medical leave she took in September 2009 and Beair's two previous requests for accommodation.

14. In January 2010, Beair was experiencing difficulty working on her assigned production line due to her depression and anxiety.

15. Beair requested accommodation of her disability through reassignment to a different production line or a different shift.

16. Beair made her initial request for accommodation to her immediate supervisor, Brad Wood. Wood denied the request for accommodation.

17. Because Wood denied her request for accommodation, Beair made the request in writing to the Human Resources Manager, Kristie Smallwood, on January 14, 2010.

18. Despite these repeated requests, Summit Polymers refused to discuss Beair's need for an accommodation and refused to make either of the accommodations Beair requested.

19. With either of these accommodations, Beair was able to perform the essential functions of her position.  Thus, Beair was a qualified individual as defined by 42 U.S.C. §12111(8).

20. Soon after Beair's request for an accommodation was denied, Beair was terminated for an alleged violation of Summit Polymer's sexual harassment policy.

21. Beair did not engage in sexual harassment in violation of the policy.

22. The decision to terminate Beair's employment was retaliation for having made a request for an accommodation under the Americans with Disabilities Act.

23. Beair has been damaged by virtue of Defendant's conduct.  As a result of the actions described above, Beair has experienced severe emotional distress.  In addition she has lost wages, benefits and other compensatory damages.

24. Beair is entitled to affirmative action, including compensation for lost wages and benefits, and other equitable relief as this Court deems appropriate under 42 U.S.C. §12117(a) and 42 U.S.C. §2000e-5(g).

## CLAIMS

25. Defendant Summit Polymers engaged in disability discrimination in violation of 42 U.S.C. §12112 by denying Beair a reasonable accommodation.

26. Defendant Summit Polymers engaged in retaliation in violation of 42 U.S.C. §12203 because Beair requested a reasonable accommodation.

WHEREFORE, Plaintiff, by counsel, seeks judgment in her favor including:

1. Trial by jury;
2. Compensatory damages;
3. Punitive damages;
4. Attorney fees and costs; and,
5. All other relief to which the Plaintiff is entitled.

Respectfully submitted,

PRIDDY CUTLER MILLER & MEADE, PLLC

/s/ Michele Henry_____
Michele D. Henry
429 W. Muhammad Ali Blvd.
800 Republic Building
Louisville, KY 40202
Ph: (502) 587-8600
Ph (direct): (502) 632-5272
Fax: (502) 632-5273
henry@pcmmlaw.com