UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

ANETIA BEAIR,                )
    Plaintiff            )    CIVIL ACTION NO. 5:11-420-KKC
                             )
v.                           )
                             )    **OPINION AND ORDER**
SUMMIT POLYMERS,             )
    Defendant            )

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the Defendant's Motion to Dismiss (DE 16) and the Plaintiff's Motion to Amend (DE 19). In its Motion to Dismiss, the Defendant argues that the Plaintiff's retaliation claim filed under the Americans with Disabilities Act should be dismissed because she failed to bring that claim before the Equal Employment Opportunity Commission prior to filing this civil action.

In her Motion to Amend, the Plaintiff seeks to add a retaliation claim under the Kentucky Civil Rights Act.

    **I.**    **Background.**

The Plaintiff was employed by the Defendant as a production worker from March 24, 1999 until the Defendant fired her on March 15, 2010. She alleges that, during her employment with the Defendant, she suffered from anxiety and depression and she requested that the Defendant accommodate that disability by assigning her to a different production line or shift.

She asserts two claims against the Defendant under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*. First, she asserts that the Defendant discriminated against her in violation of 42 U.S.C. § 12112(a) by not reasonably accommodating her disability. Second,

she asserts that the Defendant retaliated against her in violation of 42 U.S.C. § 12203(a) by firing her because she requested the reasonable accommodation.

> I.      **The Defendant's Motion to Dismiss.**

The Defendant asks the Court to dismiss the retaliation claim because the Plaintiff failed to bring that claim before the EEOC prior to filing this action.

Prior to filing an action under the ADA, the plaintiff must exhaust her administrative remedies by filing an EEOC charge within 180 days of the alleged discrimination or with the state agency within 300 days.  *Marcum v. Oscar Mayer Foods Corp.*, 46 F. App'x 331, 333 (6th Cir. 2002) (citing *Perry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000)). If the Plaintiff fails to exhaust her administrative remedies before filing a civil action, then dismissal of the charge is appropriate.  *Id*.

The purpose of the exhaustion requirement is to give the EEOC, prior to litigation, the opportunity to investigate and "attempt to obtain voluntary compliance" from the employer. *Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998).  The EEOC's investigation and negotiations with the defendant also serve to "notify potential defendants of the nature of the plaintiffs' claims and provide them the opportunity to settle the claims before the EEOC rather than litigate them." *Id*.

The Plaintiff filed a charge of discrimination with the EEOC prior to filing this civil action. However, on the form, when asked what her discrimination claim was based on, the Plaintiff checked only the box labeled "disability."  She did not check the box labeled "retaliation." (DE 16-2, Charge of Discrimination.)

That does not necessarily mean that the Plaintiff failed to exhaust her retaliation claim. "A complainant need not 'attach the correct legal conclusion' to allegations in the charge,

'conform to legal technicalities,' or use 'the exact wording which might be required in a judicial pleading.'" *Jones v. Sumser Retirement Village*, 209 F.3d 851, 853 (6th Cir. 2000) (quoting *Davis*, 157 F.3d at 463). But, "[t]he claim must grow out of the investigation *or* the facts alleged in the charge must be sufficiently related to the claim such that those facts would prompt an investigation of the claim." *Id*. (citing *Davis*, 157 F.3d at 464) (emphasis added).

A plaintiff may be deemed to have exhausted a claim with evidence that the EEOC *actually* investigated the claim. *Scott v. Eastman Chem. Co.*, 275 F. App'x 466, 475 (6th Cir. 2008); *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 n.1 (6th Cir. 2010) (quoting *Scott*, 275 F. App'x at 475). "When the EEOC investigation of one charge *in fact* reveals evidence of a different type of discrimination against the plaintiff, a lawsuit based on the newly understood claim will not be barred." *Davis*, 157 F.3d at 463. A claim is within the scope of an EEOC charge if it was within the "actual scope of the EEOC investigation or the subject of conciliation attempts." *Cedar v. Premier Indus. Corp.*, 869 F.2d 1489, 1989 WL 20615, at *4 (6th Cir. 1999). *See also Josephs v. Pacific Bell*, 443 F.3d 1050, 1061 (9th Cir. 2006) ("Subject matter jurisdiction extends over all allegations of discrimination that either fell within the scope of the EEOC's *actual investigation* or an EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination.") (quotations and citation omitted); *Saley v. Caney Fork, LLC*, No. 3:11-cv-00824, 2012 WL 3286060, at *5 (M.D. Tenn. Aug. 10, 2012) ("Thus, the EEOC *in fact* investigated the retaliation claim, and Defendant, by virtue of its denial *in fact* had notice of the existence of the claim.").

This matter is before the Court on a motion to dismiss. In response, the Plaintiff has presented evidence that the EEOC *actually* investigated whether the Defendant fired the Plaintiff in retaliation after she asserted rights provided under the ADA.

3

The Plaintiff's discrimination charge explained that she had requested a reasonable accommodation for her disability and that she was subjected to a hostile work environment. In the course of the investigation of that claim, the Plaintiff explained to the EEOC that the Defendant ultimately fired her. (DE 17-1, EEOC Investigator Intake Notes.) During the investigation, the Defendant's Human Resources Manager, Christie Smallwood, filed an affidavit detailing the circumstances behind the Plaintiff's termination. Smallwood states that the Plaintiff was discharged for violating the Defendant's sexual harassment policy. (DE 17-2, Smallwood Aff.)  Smallwood further states that she investigated the sexual-harassment complaint filed against the Plaintiff and, in the affidavit, she details the findings of that investigation.

Smallwood states that whether the Defendant discharges an employee for violating the sexual harassment policy depends on the "seriousness of the offense." She states that the Plaintiff was discharged because she had sexually harassed various male employees. Smallwood also explains that she was the person who made the decision to fire the Plaintiff. She states that other employees have been discharged for violating the sexual harassment policy and states that she will provide additional information regarding those terminations. Smallwood did later provide the EEOC with records regarding another employee fired by the Defendant for violating its sexual harassment policy. (DE 17-3, Employee Warning.)

The EEOC investigator's notes regarding her communications with the Plaintiff and her settlement negotiations with the Defendant state that, during the investigation, the EEOC found that the Defendant failed to provide reasonable accommodations but that the EEOC did not find "cause" on the termination claim. (DE 17-4, Saldivar Mem.)

Thus, the Plaintiff has presented evidence that the scope of the EEOC's actual investigation included whether the Defendant fired her in retaliation for exercising rights under the ADA. The EEOC's investigation included the circumstances regarding the Plaintiff's termination, whether the Defendant had a legitimate nondiscriminatory reason for firing her, and whether that reason was pretextual. By triggering an investigation of these elements of a retaliation claim, the Plaintiff's charge with the EEOC served the purposes of exhaustion. It gave the Defendant notice of the claim and gave the EEOC and the Defendant an opportunity to attempt to resolve the claim instead of litigating it.

In its reply brief, the Defendant does not dispute that the EEOC actually investigated whether the Defendant fired the Plaintiff by retaliating against her.

Accordingly, the Court must deny the Defendant's Motion to Dismiss the Plaintiff's retaliation claim.

## II.    The Plaintiff's Motion to Amend (DE 19).

After the Defendant moved to dismiss the Plaintiff's ADA retaliation claim, she sought leave to amend her complaint to assert a retaliation claim under the Kentucky Civil Rights Act. In her motion, the Plaintiff states that she seeks to amend the complaint because "[i]f the Court grants Defendant's motion to dismiss, the dismissal will serve as an adjudication on the merits" and, thus, she would be "precluded from filing a claim of retaliation under the Kentucky Civil Rights Act . . . ." (DE 19, Motion at 1-2.) Because the Motion to Amend was premised on a scenario in which the Court dismissed the ADA retaliation claim, the motion should be denied, the Court having denied the Defendant's Motion to Dismiss the ADA retaliation claim.

Further, the Scheduling Order in this action establishes April 18, 2012 as the deadline for filing motions to amend the pleadings. (DE 9.) The Plaintiff did not file her motion until nearly

5

six months after the deadline. The scheduling order may be modified "only for good cause." Fed. R. Civ. P. 16(b)(4); *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). The only "good cause" even alleged by the Plaintiff for modifying the Scheduling Order so that she can add a state-law retaliation claim is that the Defendant moved to dismiss her ADA retaliation claim. (DE 19, Motion at 3-4.) The Defendant's Motion to Dismiss having been denied, the Plaintiff's Motion to Amend should also be denied.

Finally, the Plaintiff has put forth no reason why she could not have filed the state law claim prior to the deadline for amending the pleadings. The Defendant would be prejudiced by the filing an additional claim at this point in the litigation.

Accordingly, the Plaintiff's Motion to Amend (DE 19) will be denied.

### III. Conclusion.

For all these reasons, the Court hereby ORDERS as follows:

1) the Defendant's Motion to Dismiss (DE 16) is DENIED; and

2) the Plaintiff's Motion to Amend (DE 19) is DENIED.

Dated this 21st day of February, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge